872 A.2d 681

**Richard Wilburn CAIN**

v.

**STATE of Maryland.**

**No. 97, Sept. Term, 2004.**

Court of Appeals of Maryland.

April 12, 2005.

Brian M. Saccenti, Asst. Public Defender (Nancy S. Forster, Public Defender, Allen E. Burns, Asst. Public Defender, on brief), for appellant.

Diane E. Keller, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), for appellee.

Argued before BELL, C.J., RAKER, WILNER, HARRELL, BATTAGLIA, GREENE and JOHN C. ELDRIDGE (Retired Specially Assigned), JJ.

BATTAGLIA, J.

In this case, we are asked to determine whether a person convicted of second degree assault must register as an "offender" under Maryland's Registration of Offenders Statute as set forth in Maryland Code (2001), § 11–701(d)(7) of the Criminal Procedure Article. For the reasons stated herein, we hold that a person convicted of second degree assault is not required to register as an offender under the Registration of Offenders statute, unless the elements of the crime contain reference to a sexual offense against a minor.

## I. Facts and Procedural History

On July 29, 2002, Richard Wilburn Cain was arrested and charged in the Circuit Court for Calvert County with one count of child abuse,[1] two counts of third degree sexual

---

1. Md.Code (1957, 1996 Repl.Vol.), Art. 27 § 35C(b)(1) stated:

   *Violation constitutes felony; penalty; sentencing.*—(1) A parent or other person who has permanent or temporary care or custody or responsibility for the supervision of a child or a household or family member who causes abuse to the child is guilty of a felony and on conviction is subject to imprisonment in the penitentiary for not more than 15 years.

   This section was recodified without substantive change as Md.Code (2002), § 3–601(c) of the Criminal Law Article, effective October 1, 2002.

offense[2] and one count of second degree assault.[3] In a proceeding before the Circuit Court, Cain pled guilty on March 11, 2003, solely to the second degree assault charge, upon terms explained by his attorney:

---

2. Md.Code (1957, 1996 Repl.Vol.), Art. 27 § 464B provided:
   (a) *Elements of offense.*—A person is guilty of a sexual offense in the third degree if the person engages in:
   (1) Sexual contact with another person against the will and without the consent of the other person, and:
   (i) Employs or displays a dangerous or deadly weapon or an article which the other person reasonably concludes is a dangerous or deadly weapon; or
   (ii) Inflicts suffocation, strangulation, disfigurement or serious physical injury upon the other person or upon anyone else in the course of committing that offense; or
   (iii) Threatens or places the victim in fear that the victim or any person known to the victim will be imminently subjected to death, suffocation strangulation, disfigurement, serious physical injury, or kidnapping; or
   (iv) Commits the offense aided and abetted by one or more other persons; or
   (2) Sexual contact with another person who is mentally defective, mentally incapacitated, or physically helpless, and the person knows or should reasonably know the other person is mentally defective, mentally incapacitated, or physically helpless; or
   (3) Sexual contact with another person who is under 14 years of age and the person performing the sexual contact is four or more years older than the victim; or
   (4) A sexual act with another person who is 14 or 15 years of age and the person performing the sexual act is at least 21 years of age; or
   (5) Vaginal intercourse with another person who is 14 or 15 years of age and the person performing the act is at least 21 years of age.
   (b) *Penalty.*—Any person violating the provisions of this section is guilty of a felony and upon conviction is subject to imprisonment for a period of not more than 10 years.
   This section was recodified without substantive change as Md.Code (2002), § 3-307 of the Criminal Law Article, effective October 1, 2002.

3. Md.Code (1957, 1996 Repl.Vol.), Art. 27 § 12 stated:
   (b) *Assault.*—Except as otherwise provided in this subheading, "assault" means the offenses of assault, battery, and assault and battery, which terms retain their judicially determined meanings.
   This section was recodified without substantive change as Md.Code (2002), § 3-201 of the Criminal Law Article, effective October 1, 2002.
   Md.Code (1957, 1996 Repl.Vol.), Art. 27 § 12A stated:
   (a) *General prohibition.*—A person may not commit an assault.
   (b) *Violation; penalties.*—A person who violates this section is guilty of the misdemeanor of assault in the second degree and on conviction is subject to a fine of not more than $2,500 or imprisonment for not more than 10 years or both.
   This section was recodified without substantive change as Md.Code (2002), § 3-203 of the Criminal Law Article, effective October 1, 2002.

[CAIN'S ATTORNEY]: Mr. Cain has agreed to enter a plea of guilty to the fourth count of the indictment,[4] second degree assault. We would ask the Court to take judicial notice of the charging document within the file. The agreed upon sentence will be a cap of 18 months executed time, backup time and probation in the Court's discretion, that Mr. Cain will be evaluated to see if any counseling is necessary prior to sentencing, and that the State will be asking that he register under the registration statute, and that we are free to allocute that it does not apply in this case.

THE COURT: And my understanding is that we are going to have a brief statement of facts in just a minute,[5] but let me just make sure that you understand—or that I understand that you are pleading guilty to second degree assault, which is an unpermitted touching, and that you are pleading guilty to that because you are in fact guilty; is that correct?

[CAIN]: Yes, sir.

After lengthy deliberation about the date of sentencing, the court confirmed the terms of the agreement and discussed additional terms sought by the State:

THE COURT:—Mr. Cain, I [need to make] sure you understand that the State is going to ask that you register as an offender under the appropriate category and that you have no contact with the victim or the victim's family. That's in addition to your standard conditions of probation. Do you understand that?

---

4. The fourth count of the indictment states:
   The Grand Jurors of the State of Maryland, for the body of Calvert County, do on their oath present, that RICHARD WILBURN CAIN, late of said Calvert County, on or about the 20th day of July, in the year two thousand two, at Calvert County aforesaid, did assault [Alexandria G.] in the second degree in violation of Article 27, Section 12A of the Annotated Code of Maryland; contrary to the form of the act of assembly, in such case made and provided, and against the peace, government and dignity of the State. (Assault/Second Degree—Art. 27 § 12A, Md. Ann.Code)

5. No further statement of facts were given during the proceeding.

[CAIN]: Yes.

THE COURT: Do you also understand that if the Court finds that you have violated your con—any of the conditions of probation, you could face going to jail for the balance of whatever the sentence was? So worst case scenario if a 10 year sentence was imposed and you are found in violation, the balance of that 10 year sentence could be reimposed. Do you understand that?

[CAIN]: Yes.

On June 24, 2003, the Circuit Court conducted a sentencing hearing during which Cain's attorney requested that Cain receive probation and asked "that Mr. Cain not be made to attend either a sexual offender treatment program or to register as a sexual offender." With regard to the registration, his attorney argued that:

> The registry statute that went into place that the State is attempting to have Mr. Cain register under was really to put people on notice as to pedophiles and sexual offenders—excuse me, sexual predators. That is not the case that we have here and that is why it is not appropriate in Mr. Cain's case.

> Mr. Cain has tested with a forensic psychologist who has found him not to register [sic]; and I believe that the portion of the Statute that the State is attempting to register him under should not apply to a case of second degree assault.

> In addition, your Honor, I think that with the expert opinion testimony weighing so heavily against registering Mr. Cain and the intent of the Statute, and you put those two together, and I do not think registry is appropriate in this case.

In response, the State argued:

> This issue as to whether he should register in this particular case is under 11–701(d)(7) [6] as a sexual offender. That

---

**6.** Md.Code (2002), § 11–701(d)(7) of the Criminal Procedure Article states:

[Cain] has been convicted of a crime that involves conduct that, by its nature, is a sexual offense against a person under the age of eighteen years. That falls squarely on this case

Yes, this was an Alford plea [7] and we agreed that [Cain] could plead under Alford so that he could say—you know, he could plead to the fact that he touched her thigh and it was unpermitted touching. But that—even if you take it from the Defense's perspective, that is still sexual touching of a child under the age of eighteen.

The trial judge imposed a five-year sentence for second degree assault with all but one day suspended for time that Cain previously had served and imposed five years of supervised probation with various conditions, including that Cain "submit to evaluation, attend and successfully complete mental health treatment as directed by [his] supervising agent," have no contact with the victim or her family, and that he serve "a period of home confinement with the Home Confinement Services, Inc. for a period of six months." After hearing further argument about the offender registration statute, the Court also ordered Cain to register as an "offender" as a condition of his probation. At the completion of the sentencing hearing, the State then entered a nolle prosequi on the remaining counts of child abuse and third degree sex offense.

On December 22, 2003, Cain filed a Motion to Correct Illegal Sentence, contending that the second degree assault conviction did not fall within the definition of "offender" under Section 11–701(d)(7) of the Criminal Procedure Article, that

---

*Offender.*—"Offender" means a person who is ordered by a court to register under this subtitle and who:
(7) has been convicted of a crime that involves conduct that by its nature is a sexual offense against a person under the age of 18 years
. . .

7. An Alford plea arises when a defendant maintains his or her innocence, but concedes that the State could adduce enough evidence to prove him or her guilty of the crime charged, as derived from the Supreme Court Case of *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

required registration; the Circuit Court denied the motion. Cain noted an appeal to the Court of Special Appeals, and this Court issued, on its own initiative, a writ of certiorari, *Cain v. State*, 384 Md. 157, 862 A.2d 993 (2004), prior to any proceedings in the intermediate appellate court. Cain's brief presented the following question for our review:

Whether [Cain's] guilty plea to assault in the second degree was insufficient to justify the judge's order that he register as an "offender."

We conclude that Cain does not have to register as an "offender" under Section 11–701(d)(7) of the Criminal Procedure Article and reverse the Circuit Court's order denying Cain's Motion to Correct Illegal Sentence.

## II. Standard of Review

When considering who must register as an offender under Section 11–701(d)(7) of the Criminal Procedure Article, an examination of the statute is essential, and we review the trial court's actions *de novo*. This Court has often stated that our goal in interpreting statutes is to "identify and effectuate the legislative intent underlying the statute(s) at issue." *Serio v. Baltimore County*, 384 Md. 373, 863 A.2d 952, 962 (2004), quoting *Drew v. First Guaranty Mortgage Corp.*, 379 Md. 318, 327, 842 A.2d 1, 6 (2003), in turn quoting *Derry v. State*, 358 Md. 325, 335, 748 A.2d 478, 483 (2000); *Pete v. State*, 384 Md. 47, 57–58, 862 A.2d 419, 425 (2004); *Graves v. State*, 364 Md. 329, 346, 772 A.2d 1225, 1235 (2001). As we have stated, the best source of legislative intent is the statute's plain language and when the language is clear and unambiguous, our inquiry ordinarily ends there. *Serio*, 384 Md. at 373, 863 A.2d at 962; *Pete*, 384 Md. at 57–58, 862 A.2d at 425; *Drew*, 379 Md. at 327, 842 A.2d at 6; *Beyer v. Morgan State Univ.*, 369 Md. 335, 349, 800 A.2d 707, 715 (2002); *Whack v. State*, 338 Md. 665, 672, 659 A.2d 1347, 1350 (1995). Although the plain language of the statute guides our understanding of legislative intent, we do not read the language in a vacuum. *See Serio*, 384 Md. at 373, 863 A.2d at 962; *Drew*, 379 Md. at 327, 842 A.2d at 6; *Derry*, 358 Md. at 336, 748 A.2d at 483–84. Rather, we read

statutory language within the context of the statutory scheme, considering the "purpose, aim, or policy of the enacting body." *Serio,* 384 Md. at 373, 863 A.2d at 962; *Pete,* 384 Md. at 57–58, 862 A.2d at 425; *Drew,* 379 Md. at 327, 842 A.2d at 6; *Beyer,* 369 Md. at 350, 800 A.2d at 715; *In re Mark M.,* 365 Md. 687, 711, 782 A.2d 332, 346 (2001)(quoting *Tracey v. Tracey,* 328 Md. 380, 387, 614 A.2d 590, 594 (1992)). When interpreting the language of a statute, "we assign the words their ordinary and natural meaning." *Serio,* 384 Md. at 373, 863 A.2d at 962; *Pete,* 384 Md. at 57–58, 862 A.2d at 425; *O'Connor v. Baltimore County,* 382 Md. 102, 114, 854 A.2d 1191, 1198 (2004); *Lewis v. State,* 348 Md. 648, 653, 705 A.2d 1128, 1131 (1998). We will "neither add nor delete words to a clear and unambiguous statute to give it a meaning not reflected by the words the Legislature used or engage in a forced or subtle interpretation in an attempt to extend or limit the statute's meaning." *Serio,* 384 Md. at 373, 863 A.2d at 962; *Pete,* 384 Md. at 57–58, 862 A.2d at 425; *O'Connor,* 382 Md. at 114, 854 A.2d at 1198 (quoting *Taylor v. NationsBank,* 365 Md. 166, 181, 776 A.2d 645, 654 (2001)). Thus, the provisions must be read in "a commonsensical perspective to avoid a farfetched interpretation." *Serio,* 384 Md. at 373, 863 A.2d at 962; *Graves v. State,* 364 Md. 329, 346, 772 A.2d 1225, 1235 (2001); *Frost v. State,* 336 Md. 125, 137, 647 A.2d 106, 112 (1994); *Dickerson v. State,* 324 Md. 163, 171, 596 A.2d 648, 652 (1991).

## III. Discussion

In this case, Cain argues that the trial court erred by requiring him to register as an "offender" under Md.Code (1957, 2001), § 11–701(d)(7) of the Criminal Procedure Article. In Cain's view, his conviction for second degree assault does not fall within this definition of "offender" because assault is not an enumerated offense requiring registration, the elements of assault do not mandate registration and the factual predicate to which he pled guilty, do not establish a violation of the statute.[8] The State concedes that second degree as-

---

8. Cain, in his brief, also relies upon the United States Supreme Court case, *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d

sault is not a crime enumerated in the statute, but maintains that Cain should be required to register as an offender because the underlying facts establishing the assault were sexual in nature, mandating registration, rather than the elements of the offense. Essentially, Cain argues that the elements of the crime of assault for which he was convicted negate the registration requirement, while the State asserts that the underlying facts to which Cain pled guilty mandate registration.

The General Assembly originally considered Maryland's offender registration laws in response to the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Program ("Wetterling Act"), which was enacted as part of the Violent Crime Control and Law Enforcement Act of 1994. *See* Pub.L. No. 103–322, 108 Stat. 1796 (1994), codified at 42 U.S.C. § 14071 (2000), to address "crimes of violence and molestation committed against children in the United States." H.R.Rep. No 103–392, at 3 (1993). The Wetterling Act directs the United States Attorney General to establish guidelines for registering sex offenders and providing notification of individuals convicted of sexually violent offenses, criminal offenses against minors, or those determined to be sexually violent predators. *See* 42 U.S.C. § 14071. Each state had until September 13, 1997, to enact legislation implementing a sex offender registration statute in conformity with the federal guidelines or face the loss of certain federal funds apportioned to the states to deter crime. *See* 42 U.S.C. § 14071(g)(2)(A). In May, 1996, Congress amended the Wetterling Act by renaming it Megan's Law and required states to add language to their statutes mandating the release of relevant sex offender registrant information necessary to protect the public. *See* H.R. 2137, 104th Cong. (1996), reprinted in 110 Stat. 1345

---

435 (2000) to support his proposition that second degree assault is not a sexual offense and that the facts justifying a sentence enhancement by requiring him to register as an offender were not established in the record. We note, however, that our recent decisions in *Young v. State,* 370 Md. 686, 806 A.2d 233 (2002) and *Sweet v. State,* 371 Md. 1, 806 A.2d 265 (2002) establish that *Apprendi* has no application to Maryland's offender registration requirements.

(1996). The federal act, as interpreted by the Department of Justice, specified that the registration requirements "constitute a floor for state registration systems, not a ceiling," and States were afforded great latitude in designing their sex offender registration statutes and the criteria for which a person may be classified as an offender. *See* Final Guidelines, 61 Fed.Reg. 15110, 15112, *as amended,* 64 Fed.Reg. 572 (1999). To date, all fifty states have adopted some form of sex offender registration program.[9]

In an effort to comply with the federal statute, the General Assembly enacted a statute, entitled "Registration of Offend-

---

**9.** *See* Ala.Code §§ 13A–11–200 to –203 (1994); Alaska Stat. §§ 12.63.010 to –100, 18.65.087 (2000); Ariz.Rev.Stat. Ann. §§ 13–3821 to –3825 (2001); Ark.Code Ann. §§ 12–12–901 to –920 (1999); Cal.Penal Code § 290 (1999), and Cal. Welf & Inst.Code § 6600 (1998); Colo.Rev. Stat. Ann. § 18–3–412.5 (1999); Conn. Gen.Stat. Ann. §§ 54–250 to –261 (2001); Del.Code Ann. tit. 11, § 4120 (2000); Fla. Stat. Ann. §§ 775.21, 944.606 (2001); Ga.Code Ann. § 42–9–44.1 (1997); Haw.Rev.Stat. § 846E (1999, 2004 Cum.Supp.); Idaho Code §§ 18–8301 to –8326 (2000); 730 Ill. Comp. Stat. Ann. 150/1 to /12, 725 Ill. Comp. Stat. Ann. 205/0.01 (2000); Ind.Code Ann. §§ 5–2–12–1 to –13 (2000); Iowa Code Ann. § 692A (2001); Kan. Stat. Ann. §§ 22–4901 to –4910 (2000); Ky.Rev.Stat. Ann. §§ 17.500–.540 (2000); La.Rev.Stat. Ann. §§ 15:540–549 (2001, 2005 Supp.); Me.Rev.Stat. Ann. tit. 34–A, Ch. 15, §§ 11201–11228 (1999); Md Code (2001), § 11–704 of the Criminal Procedure Article; Mass. Ann. Laws Ch. 6, §§ 178C–1780 (2001); Mich. Comp. Laws Ann § 28.721–28.732 (2000); Minn.Stat. Ann. § 243.166 (2001, 2005 Supp.); Miss.Code Ann. §§ 45–33–21 to –57 (2000); Mo. Ann. Stat. §§ 589.400–.425 (2001); Mont.Code Ann. §§ 46–23–501–512 (1999); Neb.Rev.Stat. §§ 29–4001 to 29–4011 (2000, 2004 Cum.Supp.); Nev. Rev Stat. Ann. §§ 179B–179D (1999 Supp.); N.C. Gen.Stat. §§ 14–208.5 to –208.32 (1999); N.D. Cent.Code § 12.1–32–15, § 25–03.3–01 (1999); N.H.Rev.Stat. Ann. § 651–B (2000, 2004 Cum.Supp.); N.J. Stat. Ann. §§ 2C:7–1 to –11 (2000); N.M. Stat. Ann. §§ 29–11A–1 to –8 (1997); N.Y. Correct. Law § 168 (2004 Cum.Supp.); Ohio Rev.Code Ann. §§ 2950.01–.99 (2000); Okla. Stat. Ann. tit. 57, §§ 582–587 (2001); Or.Rev.Stat. §§ 181.585–.606 (1999); 42 Pa. Cons.Stat. Ann §§ 9791–9799.6 (1998); R.I. Gen. Laws §§ 11–37.1–1 to 11–37.1–19 (1999); S.C.Code Ann. §§ 23–3–400 to 3–530 (2000, 2005 Cum.Supp.); S.D. Codified Laws §§ 22–22–30 to 22–22–40 (2000); Tenn.Code Ann. §§ 40–39–101 to –39–110 (2000); Tex.Crim. P.Code Ann. § 62 (2001, 2004 Cum.Supp.); Utah Code Ann. § 77–27–21.5 (2003); Va.Code Ann. § 19.390.1, § 37.1–70.1 (2000); Vt. Stat. Ann. tit. 13, §§ 5401–5413 (1998); Wash. Rev.Code Ann. §§ 9A.44.130–.44.140, 4.24.550 (2000); W. Va.Code §§ 15–12–1 to –12–9 (2004); Wis. Stat. Ann. § 301.45 (2000); Wyo. Stat. Ann. §§ 7–19–301 to –19–306 (2003).

ers," which provided that sexual offenders, upon release from prison, must notify local law enforcement of his or her presence in the county where he or she intended to live. *See* 1995 Md. Laws, Chap. 142. The Maryland statute defined a "child sexual offender" as a person who:

(2)(i) Has been convicted of violating § 35C of this article for an offense involving sexual abuse;

(ii) Has been convicted of violating any of the provisions of §§ 462 through 464B of this article for an offense involving an individual under the age of 15 years;

(iii) Has been granted probation before judgment after being found guilty of any of the offenses listed in items (i) and (ii) of this paragraph and has been ordered by the court, as a condition of probation, to comply with the requirements of this section;

(iv) Has been convicted of, or granted probation before judgment after being found guilty of, violating § 464C of this article and has been ordered by the court, as a part of a sentence or condition of probation, to comply with the requirements of this section;

(v) Has been found not criminally responsible for any of the offenses listed in items (i) and (ii) of this section; or

(vi) Has been convicted in another state of an offense that, if committed in this state, would constitute one of the offenses listed in items (i) and (ii) of this paragraph.

Md.Code (1957, 1996 Repl.Vol.), Art. 27, § 792.

In 1997, Senate Bill 605 was enacted to expand the sexual offender registration statute to comply with the 1996 amendments to the Federal Wetterling Act, and established additional classifications of offenders subject to the statutory registration requirements, codified in Article 27, Section 792 of the Maryland Code, effective on May 22, 1997. *See* 1997 Md. Laws, Chap. 754. In addition to child sexual offenders, the new registration provisions made Section 792 applicable to "offenders," "sexually violent offenders," and "sexually violent predators," which were defined individually by category. *See*

1997 Md. Laws, Chap. 754. The expanded law defined "offender" as:

(6) "Offender" means a person who is ordered by the court to register under this section and who:

(i) Has been convicted of violating § 1, § 2, or § 338 of this article;

(ii) Has been convicted of violating § 337 of this article if the victim is under the age of 18 years;

(iii) Has been convicted of the common law crime of false imprisonment if the victim is under the age of 18 years and the offender is not the victims' parent;

(iv) Has been convicted of violating § 464C of this article if the victim is under the age of 18 years;

(v) Has been convicted of soliciting a minor to engage in sexual conduct;

(vi) Has been convicted of violating § 419A of this article;

(vii) Has been convicted of violating § 15 of this article or any of the provisions of §§ 426 through 433 of this article if the intended prostitute is under the age of 18 years;

(viii) Has been convicted of a crime that involves conduct that by its nature is a sexual offense against an individual under the age of 18 years;

(ix) Has been convicted of an attempt to commit a crime listed in items (i) through (viii) of this paragraph; or

(x) Has been convicted in another state of an offense that, if committed in this State, would constitute one of the offenses listed in items (i) through (ix) of this paragraph.

Md.Code (1957, 1996 Repl.Vol., 1997 Cum.Supp.), Art. 27 § 792(a)(6). A sexually violent offender was defined as a person who:

(i) Has been convicted of a sexually violent offense;

(ii) Has been convicted of an attempt to commit a sexually violent offense; or

(iii) Has been convicted in another state of an offense that, if committed in this State, would constitute a sexually violent offense.

Md.Code (1957, 1996 Repl.Vol., 1997 Cum.Supp.), Art. 27 § 792(a)(10). In addition, the statute defined a "sexually violent predator" as a person who:

(i) Is convicted of a second or subsequent sexually violent offense; and

(ii) Has been determined in accordance with this section to be at risk of committing a subsequent sexually violent offense.

Md.Code (1957, 1996 Repl.Vol., 1997 Cum.Supp.), Art. 27 § 792(a)(11). Section 792 defined a "sexually violent offense" as:

(i) A violation of any of the provisions of § 462, § 463, § 464, § 464A, § 464B, or § 464F of this article; or

(ii) Assault with intent to commit rape in the first or second degree or a sexual offense in the first or second degree as previously proscribed under former § 12 of this article.

Md.Code (1957, 1996 Repl.Vol., 1997 Cum.Supp.), Art. 27 § 792(a)(9).

The Registration of Offenders Act was not substantially amended by Chapters 473 and 521, Acts 1998; Chapters 317 and 402, Acts 1999; and Chapter 314, Acts 2000. In 2001, the General Assembly repealed Section 792 and recodified the offender registration provisions. *See* 2001 Md. Laws, Chap. 10. The 2001 version of the Maryland offender registration law was in effect at the time of Cain's conviction for second degree assault and the definition of "offender" contained in Section 11–701 of the Criminal Procedure Article substantively has not changed since its enactment in 1997.

Under the statutory framework, a person who meets the criteria of any of the categories must register pursuant to Section 11–704 of the Criminal Procedure Article.[10] A person who registers and is a resident of Maryland at the time they

---

**10.** Md.Code (2001), § 11–704 of the Criminal Procedure Article states:

are released from prison, receives probation, or is subject to a sentence that does not include imprisonment, must register no later than the time of release, probation or sentencing. *See* Md.Code, § 11–705(b)(1) of the Criminal Procedure Article. Registrants who are not residents of Maryland must register within seven days of establishing a temporary or permanent residence in the State or apply for a state driver's license. *See* Md.Code, § 11–705(b)(2) of the Criminal Procedure Article. Individuals classified as child sexual offenders must register in person with the local law enforcement agency of the county where they will reside, *see* Md.Code, § 11–705(c) of the Criminal Procedure Article, and also must provide the supervising authority with a signed statement, which includes his or her name and any aliases, address, place of employment and/or educational institution, social security number, and a description of the crime for which the registrant was convicted. *See* Md.Code, § 11–706 of the Criminal Procedure Article.

---

A person shall register with the person's supervising authority if the person is:

(1) a child sexual offender;

(2) an offender;

(3) a sexually violent offender;

(4) a sexually violent predator;

(5) a child sexual offender who, before moving into this State, was required to register in another state or by a federal, military, or Native American tribal court for a crime that occurred before October 1,1995;

(6) an offender, sexually violent offender, or sexually violent predator, who before moving into this State, was required to register in another state or by a federal, military, or Native American tribal court for a crime that occurred before July 1, 1997; or

(7) a child sexual offender, offender, sexually violent offender, or sexually violent predator who is required to register in another state, who is not a resident of this State, and who enters this State:

(i) to carry on employment or a vocation that is full-time or part-time for a period exceeding 14 days or for an aggregate period exceeding 30 days during a calendar year, whether financially compensated, volunteered, or for the purpose of government or educational benefit; or

(ii) to attend a public or private educational institution, including a secondary school, trade or professional institution, or institution of higher education, as a full-time or part-time student.

The Department of Public Safety and Correctional Services ("DPSCS") maintains a central registry containing the statement, as well as, photographs and fingerprints of the registrant, see Md.Code, § 11–708 of the Criminal Procedure Article, which is then forwarded to the Federal Bureau of Investigation's national database of offenders. See Md.Code, § 11–713 of the Criminal Procedure Article. In addition, the Department is to make the registration statements or information about registration statements available to the public, including posting a current listing of each registrant's name, crime and other identifying information on the internet. See Md.Code, § 11–717 of the Criminal Procedure Article.

The term of an individual's registration varies based upon that person's classification under the statute. Sexually violent predators are subject to the harshest mandated registration period and must register every ninety days for life. See Md.Code, § 11–707(a)(1)(3)–(4) of the Criminal Procedure Article. Whereas, offenders, child sexual offenders and sexually violent offenders must register annually for ten years. See Md.Code, § 11–707(a)(2) of the Criminal Procedure Article.

█ In the present case, second degree assault to which Cain pled guilty and was convicted is not one of the enumerated crimes in the statute requiring registration, such as rape, kidnaping, false imprisonment, or violations of the child pornography statute. See Md.Code, § 11–701(b)(2) and (d)(1)-(5) of the Criminal Procedure Article. The State asserts, nevertheless, that Cain should be required to register because the facts contained in the statement of facts underlying the assault by their nature constituted a sexual offense under Section 11–701(d)(7). The State's argument suggests that the facts supporting the statement of charges should trigger the registration requirement under 11–701(d)(7), even if the elements of the charged offense do not establish that the crime involves conduct that is a sexual offense against a minor.

Beyond the enumerated crimes, should the elements of the crime for which Cain pled and stands convicted or the facts that constitute the original charging document prior to indict-

ment be used to determine the requirement to register under Section 11–701(d)(7) of the Criminal Procedure Article? In formulating the language of Section 11–701(d)(7), the General Assembly chose the words to define an "offender" as one "convicted of a *crime* that involves conduct that by its nature is a sexual offense" against a minor. Use of this language suggests that the elements of the crime for which one stands convicted is that to which we must look to determine whether registration is appropriate. To determine otherwise, would be to read the word "crime" out of the definition and rely solely on the offender's conduct.

This interpretation of the plain meaning of the definition at issue finds support in the statute's legislative history informed by the federal act's interpretation. The Maryland Offender Registration Act was first introduced as Senate Bill 605 and originally did not contain a specific category of "offenders." *See* 1st Reading, S.B.605 (Jan. 31, 1997). The DPSCS submitted a letter to the Senate stating that Senate Bill 605 "would not bring Maryland into full compliance with the Wetterling Act and subsequent U.S. Department of Justice guidelines . . . due, in part, to the bill's deficiency in specifying all of the crimes against minors covered by Wetterling." *See* DPSCS Comments on S.B. 605 (1997) (Feb. 27, 1997).

Included among the offenses in the Wetterling Act that Senate Bill 605 did not contain was a *crime consisting of any conduct that by its nature is a sexual offense against a minor.* 42 U.S.C. § 14071(a)(3)(A)(vii) (2004 Supp.), as amended by Pub.L. 104–145, § 2, 110 Stat. 1345 (1996); Pub.L. 104–236, §§ 3–7, 110 Stat. 3096, 3097 (1996) (emphasis added). On April 4, 1996, the Department of Justice ("DOJ") promulgated guidelines interpreting the definition of criminal offenses that consist of conduct that by its nature is a sexual offense against a minor:

> Clause (vii) covers *offenses* consisting of any conduct that by its nature is a sexual offense against a minor. *This clause is intended to insure uniform coverage of convictions under statutes defining sex offenses in which the status of the victim as a minor is an element of an offense, such as*

*specially defined child molestation offenses, and other of-fenses prohibiting sexual activity with underage persons.* States can comply with this clause by including convictions under these statutes uniformly in the registration requirement.

*See* DOJ, Final Guidelines for the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act ("Final Guidelines"), 61 Fed.Reg. 15110 (1996), *amended by* 62 Fed.Reg. 572 (Jan. 5, 1999) (emphasis added). Therefore, the *elements* of the offense were the gravamen of the interpretive guidelines.

In an effort to bring Maryland's registration act in compliance with the Wetterling Act, the House adopted a companion bill, House Bill 343, to broaden the scope of the registration law by changing the term "child sexual offender" to "offender." *See* Floor Report, H.B. 343 (1997). The bill file for House Bill 343 contains copies of both the Wetterling Act and the DOJ's Final Guidelines, indicating the General Assembly's awareness of both in drafting the amendments to Maryland's registration laws. *See* Bill File, H.B. 343 (1997). The Floor Report for House Bill 343 stated, "[t]his bill is designed to bring the State into compliance with that part of the [Wetterling Act] dealing with [child offenders and] sex offender ... [and] expand[s] the types of offenders required to register to include offenders convicted of ... *crime[s] that involve[ ] conduct that by its nature is a sexual offense against an individual under the age of 18 years.*" Floor Report, H.B. 343 (emphasis added). On April 5, 1997, House Bill 343 was adopted and set forth the types of crimes that required an offender to register. *See* H.B. 343. Subsequently, on April 7, 1997, Senate Bill 605 was amended to include the category of "offenders" as provided by the final adopted version of House Bill 343. *See* Amendment to S.B. 605 (1997). Ultimately, the Governor signed Senate Bill 605 with the new amendments and vetoed the House Bill version as redundant, while noting that both accomplished the same purpose of compliance with federal guidelines. *See* Letter from the Honorable Paris N.

Glendening, Governor, to the Honorable Casper R. Taylor, Jr., Speaker of the House (May 22, 1997).

Obviously, the definition of "offender" in the Maryland statute is derived from the corresponding definition in the Wetterling Act. As explained *supra,* the U.S. Attorney General's Final Guidelines explained that the Wetterling Act's provision relating to crimes involving conduct that is inherently a sexual offense was intended to insure uniform coverage of convictions under statutes defining sex offenses and was based upon the elements of the offense. *See* Final Guidelines, 61 Fed.Reg. at 15112.

█ In the present case, the elements of second degree assault for which Cain was convicted do not contain reference to a sexual offense against a minor. The statutory crime of assault in the second degree consists of the common law offenses of assault, assault and battery, and battery,[11] unless aggravated to the greater offense of first degree assault by the use of a firearm or intent to cause serious physical injury. *See Robinson v. State,* 353 Md. 683, 695–96, 728 A.2d 698, 703–04 (1999). These elements alone do not, necessarily and solely, contemplate conduct that by its nature involves a sexual offense.

In order to qualify a person as an offender pursuant to Section 11–701(d)(7), there must be something more than an assault. The statute requires that sexual conduct that involves an underage person also must be presented within the crime charged and which the person stands convicted. To hold otherwise would expose individuals to possible registration that have been convicted of crimes that do not include elements related to sexual conduct with a minor, and would interpret the statute in a manner inconsistent with the General Assembly's intended coverage of qualified "offenders."

---

11. Assault has been defined as "either [ ] 'an attempt to commit a battery' " which is "the unlawful application of force to the person of another," or "an intentional placing of another in apprehension of receiving an immediate battery." *Snowden v. State,* 321 Md. 612, 617, 583 A.2d 1056, 1059 (1991).

Consistent with this view, other state courts have held that individuals convicted of crimes of which the elements do not inherently and facially prohibit conduct constituting a sexual offense, are not required to register as a sex offender. In *State v. Chun,* 102 Hawai'i 383, 76 P.3d 935, 936 (2003), the defendant pled no contest to a charge of indecent exposure for which the trial court ordered him to register as a sex offender under Hawaii's registration statute pertaining to criminal offenses comprising sexual conduct toward a minor. *Id.* at 936–37.[12]  The defendant appealed and the Supreme Court of Hawaii held that the crime of indecent exposure did not constitute a sexual offense against a minor requiring the defendant to register as a sex offender. *Id.* at 942. In reaching its conclusion, the Hawaii Court explained that,

> an offense comprises "criminal sexual conduct toward a minor" if, and only if the *elements of the offense* generically describe "criminal sexual conduct toward a minor." Accordingly, if a person's actions entail criminal sexual conduct toward a minor, the prosecution should charge the person with an offense that includes criminal sexual conduct among its elements if it wishes to implicate the provisions of [the state sex offender registration statute].

*Id.* at 942 (emphasis added).  The Court further noted that the "elements of indecent exposure likewise [did] not entail 'conduct that by its nature is a sexual offense against a minor'" because the U.S. Attorney General's Final Guidelines interpreting the Wetterling Act, upon which the Hawaii statute was taken verbatim, stated that the provision applied to offenses where the victim's status as a minor was an element of the offense, which indecent exposure did not include. *Id.* at 942 n. 13 (citations omitted).

Likewise, in *Sequeira v. State,* 243 Ga.App. 718, 534 S.E.2d 166 (2000), the defendant pled guilty to two counts of simple

---

12. Hawaii's sex offender registration statute mandating registration of an "offender" is the same as Maryland's definition of "offender" under Section 11–701(d) of the Criminal Procedure Article. *See* HAW.REV STAT. ANN , § 846E–1 (1997, 2004 Cum.Supp.).

battery, one count of affray [13] and one count of public intoxication. *Id.* at 166. The trial court ordered the defendant to register as a sex offender under Georgia's registration statute [14] because one of the simple battery convictions involved the defendant placing his hand on the breasts and between the legs of a fifteen year old girl. *Id.* The defendant appealed and the appellate court held that the "trial court [had] erred in ordering [the defendant] to register as a sexual offender" because the underlying facts of the battery charge could not be used to establish a conviction for a sexual offense because battery itself was not an inherently sexual offense. *Id. See also State v. Goins*, 151 Wash.2d 728, 92 P.3d 181, 185 (2004) (holding that "because the legislature did not classify second degree assault with the intent to commit indecent liberties as a sex offense, the legislature did not see fit to require *every* person convicted of that general crime to register as a sex offender upon release.") (emphasis in original).

In the case *sub judice*, the trial judge acknowledged that Cain had agreed to plead guilty to second degree assault, which the judge described as an "unpermitted touching." The State entered a nolle prosequi on the other charges against Cain, relating to child abuse and a sexual offense which left only the elements of second degree assault, i.e. the unlawful application of force to another person, remaining without implication of sexual conduct involving a minor. Accordingly, based upon the circumstances of this case, the Circuit Court erred in denying Cain's Motion to Correct Illegal Sentence, and that condition of probation requiring Cain to register as an offender under Section 11–701(d)(7) of the Criminal Procedure Article is vacated.

---

**13.** In Georgia, the crime of affray is a misdemeanor defined by statute as "the fighting by two or more persons in some public place to the disturbance of the public tranquility." Ga Code Ann., § 16–11–32 (1968)

**14.** Georgia's sex offender registration statute requiring registration of an "offender" is identical to Maryland's definition of "offender" under Section 11–701(d) of the Criminal Procedure Article. *See* Ga.Code Ann., § 42–1–12(a)(4)(A) (1997).

*JUDGMENT OF THE CIRCUIT COURT FOR CALVERT COUNTY REVERSED, AND CASE REMANDED TO THE CIRCUIT COURT WITH INSTRUCTIONS TO VACATE THE CONDITION OF PROBATION THAT REQUIRES THE PETITIONER TO REGISTER AS AN "OFFENDER" PURSUANT TO MD. CODE, § 11–701(d)(7) OF THE CRIMINAL PROCEDURE ARTICLE. COSTS TO BE PAID BY CALVERT COUNTY.*