26 A.3d 1002

**STATE of Maryland**

v.

**Scott SMOOT.**

**No. 0634, Sept. Term, 2009.**

Court of Special Appeals of Maryland.

May 5, 2011.

Reconsideration Denied Sept. 13, 2011.

160

Cathleen Brockmeyer (Mary Ann Ince, Douglas Gansler, Atty. Gen., on the brief) Baltimore, MD, for appellant.

Claudia A. Cortese (Paul B. DeWolfe, Public Defender, on the brief) Baltimore, MD, for appellee.

Panel: ZARNOCH, GRAEFF and J. FREDERICK SHARER (Retired, Specially Assigned), JJ.

J. FREDERICK SHARER (Retired, Specially Assigned), J.

Scott Smoot was indicted in the Circuit Court for Baltimore City for possession of a regulated firearm after having been previously convicted of a disqualifying crime, in violation of Md.Code (2003, 2010 Supp.) Public Safety (P.S.) § 5–133(b).[1] He pleaded guilty to that offense, and the trial court afforded him probation before judgment. The trial court also imposed a two-year period of probation with "[m]inimal supervision."

The State filed a timely appeal and presents one question for our review, which we have distilled:

---

1. Appellant was convicted in 2006 of a domestic-related second degree assault. 1 The record is not clear, but contains a vague reference to "assaults."

Did the trial court improperly fail to impose the mandatory five-year sentence and, instead, afford Smoot probation before judgment?

We conclude that the trial court was without authority to afford probation before judgment upon Smoot's plea of guilty to a violation of P.S. § 5–133. But, because Smoot relied on the trial court's agreement to bind itself to the grant of the probation before judgment in exchange for his guilty plea, we vacate the plea and remand to the circuit court for a new trial.

## FACTUAL BACKGROUND and PROCEEDINGS

The facts underlying the charges against Smoot are not challenged, and are not relevant to the issues before us. Nonetheless, we present a summary to provide context.

Smoot, then 41 years of age, was employed as a clerk in a convenience store on Washington Boulevard in Baltimore City.[2] He was observed, while on duty, by two Baltimore City Police officers to be in possession of a .40 caliber Glock handgun. The officers' observations were casual, while they were customers in the store, not in the investigation of a complaint. In response to the officers' questions, he told them that the gun belonged to the store owner, that he did not have a "carry permit," and that he kept the gun in his pocket while on duty. He later told the trial court that the store had been robbed several times. The owner conceded that the gun was his and that he, too, lacked a "carry permit."

At the start of the proceedings, the trial court commented that there had been "some fairly extensive conversations in chambers" concerning the case and that it had seen the written statement of facts prepared by the prosecutor. The Court stated that because Smoot was employed and had only a "recent '06 assault in the second degree, nothing since an earlier assault," the court "was inclined to offer probation before judgment with two years probation." The trial court

---

2. The record reveals that Smoot enjoyed a steady employment history, mostly in retail and service.

recognized that this was "a little problematical because" P.S. § 5–133 "does call for a mandatory five-year without parole sentence." Nonetheless, the court stated that it had reviewed the case law, read Md.Code (2008 Repl.Vol., 2010 Supp.), Criminal Procedure (C.P.) § 6–220, which allows for probation before judgment, considered the prosecutor's objections, and concluded that "[t]here is no prohibition against a PBJ [probation before judgment]." The court then stated: "So, ... if he [Smoot] entered the plea of guilty, I will accept it, and put it aside, and grant probation before judgment...." The prosecutor again objected.

The trial court explained that it did not believe that Smoot should be incarcerated and that Smoot "certainly should not be incarcerated for anything like five years without parole." The court noted that Smoot was employed and that he had not possessed the regulated firearm while "on the street...." Rather, he had possessed it "in his place of business." Thus, "from an equitable point of view," the trial court believed that it was "doing the right thing."

After Smoot waived his trial rights, and the prosecutor presented the statement of facts in support of the guilty plea, the trial court found the evidence sufficient to find Smoot guilty of possession of a regulated firearm after having been convicted of a disqualifying crime. The trial court then granted Smoot probation before judgment with two year's probation.

## DISCUSSION

### I. Was the trial court required to impose a minimum mandatory five-year sentence?

We begin by setting forth the portions of the statutes that are fundamental to a resolution of the question before us.

Section 5–133 of the Public Safety Article provides in part:

(b) *Possession of regulated firearm prohibited.*—A person may not possess a regulated firearm if the person:

(1) has been convicted of a disqualifying crime:

(c) *Penalty* . . .

(2) A person who violates this subsection is guilty of a felony and on conviction is subject to imprisonment for not less than 5 years, no part of which may be suspended.

Section 6–220 of the Criminal Procedure Article provides in part:

(b) *In general.*—(1)   When a defendant pleads guilty or nolo contendere or is found guilty of a crime, a court may stay the entering of judgment, defer further proceedings, and place the defendant on probation subject to reasonable conditions if:

(i) the court finds that the best interests of the defendant and the public welfare would be served; and

(ii) the defendant gives written consent after determination of guilt or acceptance of a nolo contendere plea.

(2) Subject to paragraphs (3) and (4) of this subsection, the conditions may include an order that the defendant:

(i) pay a fine or monetary penalty to the State or make restitution; or

(ii) participate in a rehabilitation program, the parks program, or a voluntary hospital program.

(3) Before the court orders a fine, monetary penalty, or restitution, the defendant is entitled to notice and a hearing to determine the amount of the fine, monetary penalty, or restitution, what payment will be required, and how payment will be made.

(4) Any fine or monetary penalty imposed as a condition of probation shall be within the amount set by law for a violation resulting in conviction.

(5) As a condition of probation, the court may order a person to a term of custodial confinement or imprisonment.

The State contends that the trial court's grant of probation before judgment for Smoot's possession of a regulated firearm does not constitute a permissible penalty for that offense. The State argues further that the trial court's grant of probation before judgment did not comport with the statutory

requirements of P.S. § 5–133(c); therefore, the trial court's impermissible sentence should be reversed and the case remanded for a resentencing. The State refers us to *State v. Hannah*, 307 Md. 390, 514 A.2d 16 (1986), and its progeny in support of its position.

Smoot responds that P.S. § 5–133 did not preclude the trial court from granting probation before judgment. According to Smoot, *Hannah* addressed a probation before judgment imposed under then Art. 27, § 36B which, in subsection (e)(3), expressly prohibited entry of a probation before judgment. He also notes that all the other cases cited by the State address crimes other than firearm violations.

While Smoot recognizes that P.S. § 5–133 requires the imposition of "imprisonment for not less than 5 years, no part of which may be suspended[,]" he asserts that it does not specifically preclude entry of a probation before judgment. He alleges that if entry of a probation before judgment is precluded, it leads to the untenable conclusion that every individual convicted under P.S. § 5–133 must serve five years' imprisonment even if the trial court acknowledges that such a sentence would be inappropriate.

In *Hannah*, the defendant pleaded guilty to common law robbery and use of a handgun in commission of a felony, in violation of then Art. 27, § 36B. 307 Md. at 392, 514 A.2d 16. At sentencing, the trial court struck its finding of guilty on the handgun charge and placed Hannah on five years probation before judgment. *Id.* at 393, 514 A.2d 16. The State appealed and asserted that the trial court was required to impose a minimum five-year sentence. *Id.* at 394, 514 A.2d 16. The Court of Appeals agreed. *Id.* at 403, 514 A.2d 16.

Under Art. 27, § 36B(d), the trial court was required to impose "a mandatory minimum penalty for a first offense . . . for a term of not less than 5 nor more than 20 years, and it is mandatory upon the court to impose no less than the minimum sentence of five years." In addition, Art. 27, § 36B(e)(3) provided that "no court shall enter a judgment of probation

before or without verdict with respect to any case arising under this subheading[.]" The Court of Appeals concluded:

Hannah pled guilty to the use of a handgun in the commission of a felony, his first such offense. Under those circumstances Art. 27, § 36B(d)(1) specifies that "it is mandatory upon the court to impose no less than the minimum sentence of 5 years." Hannah nevertheless says that this result does not obtain because it arises only "on conviction" of the handgun offense and the probation before judgment disposition of his handgun offense is not a "conviction." This sophistry is demolished by § 36B(e). Subsection (e) lists a variety of prohibited dispositions in handgun cases and completely dispels any notion that the minimum sentence requirement can be satisfied by any form of probation. In particular § 36B(e)(3) prohibits entry of "a judgment of probation before or without verdict," a disposition in which there is no "conviction." An illegal disposition cannot take this case out from under the operation of the handgun statute's sentencing minimums.

*Hannah,* 307 Md. at 402, 514 A.2d 16.

Although the Court of Appeals relied on subsection (e), an equivalent of which P.S. § 5–133 is lacking, in response to an argument from Hannah that subsection (e) did not specifically include probation before judgment as it refers to probation before or without verdict, the Court of Appeals wrote:

[W]hether or not Hannah's probation before judgment violated the negative prohibitions of the handgun act concerning probation, the circuit court's disposition violated the affirmative requirement of § 36B(d)(1) that a person who is guilty of a first offense under the handgun statute "be sentenced . . . for a term of not less than 5 . . . years, and it is mandatory upon the court to impose no less than the minimum sentence of 5 years."

*Id.* at 403, 514 A.2d 16; *see also State v. Griswold,* 374 Md. 184, 187–93, 821 A.2d 430 (2003) (probation before judgment not permitted following defendant's conviction for third degree sexual offense where victim was under the age of 14 because

C.P. § 6–220(d)(3) expressly prohibited entry of probation before judgement for third degree sexual offense when victim was under the age of 16); *State v. Green*, 367 Md. 61, 785 A.2d 1275 (2001) (circuit court erred in modifying defendant's mandatory sentence as a repeat offender imposed under Art. 27, § 643B(c) to commitment to Department of Health and Mental Hygiene because § 643B(c) provided that the sentence was "mandatory[,]" repeat violent offenders "shall" be sentenced as provided, and the courts may not suspend "all or part" of such sentences; nor did § 643B(c) make any reference to alternate sentencing or commitment pursuant to the Health–General Article); *Shilling v. State*, 320 Md. 288, 295–96, 577 A.2d 83 (1990) (trial court erred in sentencing defendant to probation before judgment for driving while intoxicated because he had also received probation before judgment in a prior driving under the influence case and Art. 27, § 641(a)(2) provided that "a court may not stay the entering of judgment and place a person on probation for a second or subsequent violation of § 21–902(a) or (b) of the Transportation Article[, which prohibits driving while intoxicated and driving while under the influence of alcohol,] if the second or subsequent violation occurred within five years of the previous violation. A person is in violation of § 21–902(a) or (b) if that person receives probation under this section"; circuit court was required to impose a sentence).

Directly on point is *State v. Kennedy*, 320 Md. 749, 580 A.2d 193 (1990). There, Kennedy was convicted of escape under Art. 27, § 139, which stated in relevant part:

> If any individual who is legally detained in the State penitentiary or a jail, house of correction, reformatory, station house, or other place of confinement in this State or who is committed to the Alcohol and Drug Abuse Administration for examination or inpatient treatment escapes, the individual is guilty of a felony and on conviction by the circuit court for the county in which the escape takes place, is subject to confinement in the State penitentiary or a jail or house of correction for an additional period not exceeding 10 years. The sentence imposed under this subsection shall

be consecutive to any sentence which was being served at the time of the escape, or any sentence which had been imposed but was not yet being served at the time of sentencing on the escape. *A sentence imposed under this subsection may not be suspended.* [Emphasis added.]

The trial court granted Kennedy a probation before judgment. *Kennedy,* 320 Md. at 751, 580 A.2d 193. The State appealed. *Id.* at 752, 580 A.2d 193. This Court affirmed the trial court and upheld entry of the probation before judgment. *Id.* The Court of Appeals reversed, holding that Art. 27, § 641,[3] which allowed the trial court to enter a probation before judgment, "applies to all persons found guilty of crimes *except* those who are subject to a mandatory prison sentence under a specific section of the [Maryland] Code such as § 139." 320 Md. at 756, 580 A.2d 193. The Court of Appeals explained:

> Section 641(a) is a general provision that applies to anyone found guilty of a crime; it authorizes probation before judgment. Section 139 is a specific provision that applies only to convicted escapees; it implicitly prohibits probation before judgment. It is clear that when there is a conflict between general and specific provisions in the same statute or in two different statutes, the more specific is usually viewed as an exception to the general.

320 Md. at 755, 580 A.2d 193 (citations omitted).

■ Here, as in *Kennedy,* two statutes must be construed in tandem. Section 6–220 of the Criminal Procedure Article, which allows for probation before judgment, is a general

---

3. Article 27, § 641 provided:
    Whenever a person accused of a crime pleads guilty or nolo contendere or is found guilty of an offense, a court exercising criminal jurisdiction, if satisfied that the best interests of the person and the welfare of the people of the State would be served thereby, and with the written consent of the person after determination of guilt or acceptance of a nolo contendere plea, may stay the entering of judgment, defer further proceedings, and place the person on probation subject to reasonable terms and conditions as appropriate.
    Article 27, § 641 has been re-codified at § 6–220(b) of the Criminal Procedure Article.

provision. Indeed, it applies to a broad range of individuals convicted of crimes. Section 5–133 of the Public Safety Article, which requires that the sentence is mandatory and a minimum of five years, none of which may be suspended, applies to only that class of persons who have been convicted of a disqualifying crime and who possess a firearm. It is thus the more specific statute. The more specific statute is viewed as an exception to the general statute; therefore, the trial court was required to impose a mandatory minimum sentence of five years.

## II. Does the rule of lenity offer Smoot relief from the mandatory minimum five-year sentence?

Smoot also turns to the rule of lenity for relief. He asserts that the rule of lenity requires that he not be subject to the five-year mandatory sentence of P.S. § 5–133, because another statute, Md.Code (2002) Criminal Law ("C.L.") § 5–622 prohibits the same conduct as that proscribed in P.S. § 5–133.

▬ The rule of lenity is a principle of statutory interpretation, which provides "that doubt or ambiguity as to whether the legislature intended that there be multiple punishments for the same act or transactions ' "will be resolved against turning a single transaction into multiple offenses." ' " *White v. State,* 318 Md. 740, 744, 569 A.2d 1271 (1990) (quoting *Simpson v. United States,* 435 U.S. 6, 15, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978)) (quoting *Bell v. United States,* 349 U.S. 81, 84, 75 S.Ct. 620, 99 L.Ed. 905 (1955)). In *Brooks v. State,* 284 Md. 416, 397 A.2d 596 (1979), the Court of Appeals explained the rule of lenity:

> [E]ven though offenses may be separate and distinct under the required evidence test, courts occasionally find as a matter of statutory interpretation that the Legislature did not intend, under the circumstances involved, that a person could be convicted of two particular offenses growing out of the same act or transaction.

*Id.* at 423, 397 A.2d 596. "The relevant inquiry is whether the two offenses are 'of necessity closely intertwined' or whether

one offense is '*necessarily* the overt act' of the other." *Pineta v. State,* 98 Md.App. 614, 620–21, 634 A.2d 982 (1993) (citing *Dillsworth v. State,* 308 Md. 354, 366–67, 519 A.2d 1269 (1987)).

Criminal Law § 5–622 provides in relevant part:

(b) *Prohibited.*—A person may not possess, own, carry, or transport a firearm if that person has been convicted of:

(1) a felony under this title;

(2) a crime under the laws of another state or of the United States that would be a felony under this title if committed in this State;

(3) conspiracy to commit a crime referred to in paragraphs (1) and (2) of this subsection; or

(4) an attempt to commit a crime referred to in paragraphs (1) and (2) of this subsection.

(c) *Penalty.*—A person who violates this section is guilty of a felony and on conviction is subject to imprisonment not exceeding 5 years or a fine not exceeding $10,000 or both.

Smoot asserts that because C.L. § 5–622 does not contain a mandatory minimum sentence, under the rule of lenity he should be afforded the benefit of the more lenient sentence. He asserts that, despite our decision in *Alston v. State,* 159 Md.App. 253, 858 A.2d 1100 (2004), *cert. granted,* 390 Md. 500, 889 A.2d 418 (2006), to the contrary, there is an ambiguity in how P.S. § 5–133 and C.L. § 5–622 operate together. He argues that "there are two different penalties for possession of a regulated firearm by a previously convicted felon." That, he asserts, brings him within the ambit of *Robinson v. Lee,* 317 Md. 371, 379–80, 564 A.2d 395 (1989) ("fundamental fairness dictates that the defendant understand clearly what debt he must pay to society for his transgressions.")

The State responds that Smoot never challenged the State's prosecution of him under P.S. § 5–133, nor did he assert that he should be subject to the sentence under C.L. § 5–622, before the trial court. The State adds that issues before the Court of Appeals in *Alston* are not applicable to the instant case.

Alston had been convicted, *inter alia*, of unlawful possession of a regulated firearm after having been previously convicted of a felony, and had been sentenced to a five-year, no parole, term of imprisonment. *Alston*, 159 Md.App. at 257, 858 A.2d 1100. On appeal, Alston asserted that

because he could have been convicted under CL section 5–622 for the same conduct for which he was convicted under section 445(d)(1)(ii) of Article 27,[4] and a conviction under CL section 5–622 would have carried a prison sentence of no more than five years, without a non-eligibility for suspension or parole requirement, under the "rule of lenity," he could not be sentenced to the mandatory minimum five years without suspension or non-eligibility for parole under section 449(e). Rather, his sentence could be no more than that authorized under CL section 5–622.

*Id.* at 270, 858 A.2d 1100.

■ We rejected Alston's argument and cited to *United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), to explain that

when two statutes proscribe the same conduct and apply different penalties, the prosecutor has unfettered discretion (if he is not discriminating against any class of defendants) to choose between the statutes. So long as the provisions "unambiguously specify the activity proscribed and the penalties available upon conviction," [*Batchelder*,] 442 U.S. at 123 [99 S.Ct. 2198], the rule of lenity has no application.

*Alston*, 159 Md.App. at 272, 858 A.2d 1100.

In *Alston*, we held:

When the crime was committed, the State could have prosecuted the appellant, based on the same conduct, for violating CL section 5–622, which was part of the Controlled Dangerous Substances laws, enacted by 1991 Md. Laws, ch. 613; or for violating section 445(d)(1)(ii), subject to an enhanced penalty under section 449(e), which was enacted in 2000, as

4. Article 27, § 445(d)(1)(ii) is now codified at P.S. § 5–133(c)(1)(ii), and Art. 27, § 449(e) is now codified at § 5–133(c)(2).

part of the Responsible Gun Safety Act, 2000 Md. Laws, ch. 2. There is no ambiguity as between these provisions, and hence the rule of lenity is not triggered. The State had discretion to prosecute the appellant under the provision carrying the stiffer penalty.

*Id.* at 272–73, 858 A.2d 1100.

More recently, in *Stubbs v. State,* 406 Md. 34, 956 A.2d 155 (2008), the Court of Appeals rejected an argument similar to the one now made by Smoot. Stubbs stole property valued at $69.93. *Id.* at 41, 956 A.2d 155. He was charged under C.L. § 7–104(g) with theft of property having a value of less than $500. *Id.* Stubbs argued that he should have been charged under C.L. § 7–104(g)(3) with theft of property valued at less than $100, and moved for dismissal of the charges against him. *Id.* at 41–42, 956 A.2d 155. The trial court denied the motion and upon conviction, sentenced him to 18 month's imprisonment with all but 12 weeks suspended. *Id.* at 42, 956 A.2d 155. On appeal, Stubbs pressed his earlier argument, and claimed that because the evidence established that the stolen property had a value of less than $100, even though he was convicted of theft under $500, he could not receive a more severe penalty than the penalty for a conviction of theft under $100. *Id.* at 48, 956 A.2d 155.

> The Court of Appeals rejected Stubbs' argument and wrote: [I]n *United States v. Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), the United States Supreme Court expressly rejected the argument that if two statutes (1) proscribe the very same conduct, and (2) require the very same elements of proof, a defendant convicted of violating either statute can only be sentenced to the maximum penalty under the more lenient statute.

*Id.* at 50, 956 A.2d 155. The Court thus affirmed "the sentence that exceeded the maximum penalty for theft under $100." *Id.* at 54, 956 A.2d 155; *see also State v. Lee,* 178 Md.App. 478, 484–85, 943 A.2d 14 (2008) (trial court abused its discretion in dismissing charge under P.S. § 5–133 and adding charge under C.L. § 5–622 because prosecutors have broad

discretion in deciding which charge to prosecute against defendants).

*Alston* is about the discretion of the prosecutor to charge either of the firearm possession offenses, where a defendant meets the statutory predicate for both. Smoot posits that because "there are two different penalties for possession of a regulated firearm by a previously convicted felon," he falls under the observation of the Court of Appeals in *Robinson v. Lee,* 317 Md. 371, 379–80, 564 A.2d 395 (1989), that "[f]undamental fairness dictates that the defendant understand clearly what debt he must pay to society for his transgressions." What Smoot appears to overlook, however, is that his offense was not susceptible to being charged under C.L. § 5–622, because he is not a person who had previously been convicted of a felony. Hence, on this record, the prosecutor could not have charged him under the "felon in possession" statute. Nor, as we have pointed out, does the rule of lenity offer him any comfort. While we agree with the trial court that, on this record, a five-year mandatory sentence seems disproportionate, we are constrained to conclude that Smoot is thus subject to the mandatory minimum five-year sentence, should he ultimately be convicted under P.S. § 5–133(c).

### III. Should Smoot's guilty plea be struck because it was contingent on entry of the probation before judgment?

Finally, Smoot contends that if we conclude that the trial court was not authorized to afford him probation before judgment, his case should be remanded for a new trial because his guilty plea was contingent upon the entry of the probation before judgment. He asserts that under Md. Rule 4–243(c)(3), after the trial court bound itself to the agreement, the court was required to impose the agreed-upon sentence. If the trial court was prohibited from complying with the plea agreement by granting a probation before judgment, he concludes that his plea bargain cannot be fulfilled. As a result, he concludes, his guilty plea was not knowing and voluntary under Md. Rule 4–242(c), and must be struck.

The State asserts that Smoot's case should be remanded for resentencing only. It claims that the trial court recognized that the statute required imposition of the mandatory sentence, but declined to impose that sentence. According to the State, Smoot thus understood the sentence he was facing and his plea was knowing and voluntary.

Under Md. Rule 4-242(c), "[t]he trial court may accept a guilty plea only after it determines, upon an examination of the defendant on the record in open court, that (1) the defendant is pleading voluntarily, with an understanding of the nature of the charge and the *consequences of the plea*, and (2) that there is a factual basis for the plea." *Solorzano v. State,* 397 Md. 661, 668–69, 919 A.2d 652 (2007) (emphasis in original).

A plea agreement is governed by Md. Rule 4-243, which provides, in relevant part:

**(c) Agreements of sentence, disposition, or other judicial action.**

(1) Presentation to the court. If a plea agreement has been reached pursuant to subsection (a)(1)(F) of this Rule for a plea of guilty or nolo contendere which contemplates a particular sentence, disposition, or other judicial action, the defense counsel and the State's Attorney shall advise the judge of the terms of the agreement when the defendant pleads. The judge may then accept or reject the plea and, if accepted, may approve the agreement or defer decision as to its approval or rejection until after such pre-sentence proceedings and investigation as the judge directs.

(2) Not binding on the court. The agreement of the State's Attorney relating to a particular sentence, disposition, or other judicial action is not binding on the court unless the judge to whom the agreement is presented approves it.

(3) Approval of plea agreement. If the plea agreement is approved, the judge shall embody in the judgment the agreed sentence, disposition, or other judicial action encompassed in the agreement or, with the consent of the parties,

a disposition more favorable to the defendant than that provided for in the agreement.

■ Here, the prosecutor objected to the trial court's promise to enter probation before judgment. Thus, we believe, the State disavowed the plea agreement. Nonetheless, the trial court bound itself to entry of the probation before judgment upon acceptance of Smoot's guilty plea. *See Solorzano,* 397 Md. at 669–70, 919 A.2d 652 ("Rule 4–243(c)(3) . . . makes clear that if the trial judge 'approves' a plea agreement, the trial court is required to fulfill the terms of that agreement if the defendant pled guilty in reliance on the court's acceptance.") (Citation omitted). As discussed *supra,* the trial court imposed a sentence not permitted by P.S. § 5–133(c), and we vacate that sentence.

■ Smoot, however, entered his guilty plea in reliance on the court's express promise to enter the probation before judgment. As a result, Smoot cannot obtain the benefit of the bargain under which he entered his guilty plea and waived his trial rights. The Court of Appeals said in *Solorzano:*

[W]hen either the prosecution breaches its promise with respect to a plea agreement, or the court breaches a plea agreement that it agreed to abide by, the defendant is entitled to relief. . . . [W]here the plea agreement is breached, and it was not caused by the defendant, the general remedy for the breach is to permit the defendant to choose either specific performance or withdrawal of the plea.

397 Md. at 667–68, 919 A.2d 652 (Citations omitted).

We therefore vacate the plea and remand Smoot's case for a new trial.

**GUILTY PLEA VACATED; PROBATION BEFORE JUDGMENT VACATED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR A NEW TRIAL.**

**COSTS ASSESSED TO THE MAYOR AND CITY COUNCIL OF BALTIMORE.**